Filed: 11/23/2020 10:03 AM
Juli Luke
Denton County, County Clerk
By: Sandra Erp, Deputy

CAUSE NO. CV-2020-02890

| JASMINE BARNES, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| BURLINGTON COAT FACTORY OF TEXAS, INC, | § | |
| Defendant. | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JASMINE BARNES, Plaintiff, and files Plaintiff's Original Petition, complaining of Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC, and would show unto the Court as follows:

### I. SELECTION OF DISCOVERY LEVEL

1. This suit is governed by discovery control plan II under Rule 190.3 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff, JASMINE BARNES, is an individual who resides at 10437 North MacArthur Boulevard Apartment 276, Irving TX 75063.

3. Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC, is a corporation that may be served through its President, Vice-President or Registered Agent, C T Corporation System, at 1999 Bryan Street Suite 900, Dallas, TX. Citation is being requested for this Defendant and service will be completed by a private process server.

## III. JURISDICTION & VENUE

4. The Court has continuing jurisdiction over Defendant, because Defendant maintains minimum contacts with the State of Texas. The Court has jurisdiction over the controversy, because the damages are within the statutory jurisdictional limits of the Court.

5. Venue is proper in Denton County, Texas, because all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County.

## IV. FACTS

6. On August 11, 2019 Plaintiff was injured on the premises located at 2325 South Stemmons Freeway, Lewisville, Dallas County, TX. Plaintiff, Jasmine Barnes, was walking through an aisle inside the store when she slipped and fell on water leaking from the ceiling. At the time of injury, the premises were being used as a retail store by Defendant, Burlington Coat Factory of Texas, Inc.

7. Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.

8. Plaintiff was an invitee at the time the injury occurred. Plaintiff entered on Defendant's premises for the mutual benefit of herself and Defendant and at the implied invitation of Defendant. Defendant extended an open invitation to the public to enter the premises.

## V. NEGLIGENCE

9. Because Plaintiff was an invitee at the time of injury, Defendant, Burlington Coat Factory of Texas, Inc, owed a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

10. Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendant knew or should have known that the condition on its premises

created an unreasonable risk of harm to invitees. Specifically, Defendant breached its duty in one or more of the following ways:

1. Failing to inspect the premises on a regular basis;
2. Failing to perform needed repairs;
3. Failing to place signs warning invitees;
4. Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment; and
5. Failing to supervise its agents, servants, and employees to ensure the safety of invitees.

## VI. DAMAGES

11. As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries and loss of earning capacity. As a result of her injuries, Plaintiff has suffered the following damages:

   a. Physical pain and mental anguish in the past and future;
   b. Medical expenses in the past and future;
   c. Physical impairment; and
   d. Loss of earning capacity.

## VII. PRAYER

12. WHEREFORE, PREMISES CONSIDERED, Plaintiff, JASMINE BARNES, respectfully requests that Defendant, BURLINGTON COAT FACTORY OF TEXAS, INC., be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

   a. Actual damages;
   b. Prejudgment and post judgment interest as allowed by law;
   c. Costs of suit;
   d. monetary relief of $100,000 but not more than $250,000.; and
   e. Any further relief, either in law or equity, to which Plaintiff is justly entitled.

## VIII. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) - (l).

Respectfully submitted,

Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, Texas 75041
(972) 263-5555
(817) 263-5555
(972) 682-7586 Facsimile
eService@benabbott.com
*/s/ Mahtab Doty*
Mahtab (Mattie) Doty
State Bar No. 24105031

ATTORNEY FOR PLAINTIFF

**FORWARD THIS TO
YOUR INSURANCE COMPANY**

--------------------------------------

**MANDE ESTA FORMA
A SU ASEGURANZA**

**FORWARD THIS TO
YOUR INSURANCE COMPANY**

--------------------------------------

**MANDE ESTA FORMA
A SU ASEGURANZA**

**FORWARD THIS TO
YOUR INSURANCE COMPANY**

--------------------------------------

**MANDE ESTA FORMA
A SU ASEGURANZA**

Filed: 12/15/2020 5:59 PM
Juli Luke
Denton County, County Clerk
By: Deva Bruce, Deputy

## CAUSE NO. CV-2020-02890

| | | |
|---|---|---|
| JASMINE BARNES,<br>   *Plaintiff,* | §<br>§<br>§ | IN THE COUNTY COURT |
| V. | §<br>§ | At Law No. 2 |
| BURLINGTON COAT FACTORY OF<br>TEXAS, INC.<br>   *Defendant.* | §<br>§<br>§<br>§ | DENTON COUNTY, TEXAS |

### DEFENDANT BURLINGTON COAT FACTORY OF TEXAS, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant Burlington Coat Factory of Texas, Inc. makes and files this Defendant's Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

I.

At this time, Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that the Court and Jury require the Plaintiff to prove Plaintiff's claims, charges and allegations by a preponderance of the evidence as required by the Constitution and Laws of the State of Texas.

II.

Pleading further, Defendant says that the occurrence in question, as well as the damages complained of herein, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility or other conduct on the part of the Plaintiff, third-parties, settling persons and/or responsible third-parties for whom this Defendant are not legally responsible. By reason thereof, Defendant says that its legal liability herein, if any, is as prescribed under the provisions of the Texas Civil Practice & Remedies Code, §33.001 et seq. and as otherwise

provided under applicable law.

## III.

Pleading further, Defendant says that the discovery in this case may show that the events which are the subject of this lawsuit were the result of new, independent, superseding and/or intervening causes.

## IV.

Pleading further, Defendant says that any claims for medical or healthcare expenses brought by the Plaintiff herein are limited to the amount actually paid or incurred pursuant to the Texas Civil Practice & Remedies Code §41.0105.

## V.

Pleading further, Defendant says that any claims for economic loss (including loss of earnings, earning capacity or other pecuniary losses) are governed by the limitations and provisions set forth in the Texas Civil Practice & Remedies Code §18.091.

## VI.

Pleading further, and in the alternative, Defendant would show that the discovery in this case may show that the Plaintiff failed to mitigate its damages herein as required under applicable law and, therefore, any such claims or causes of action are barred to that extent.

## VII.

Pleading further, Defendant says that the discovery in this case may show that the injuries, conditions and/or damages allegedly sustained by the Plaintiff herein were caused, in whole or in part, by prior or subsequent medical problems, injuries, conditions or other events involving or pertaining to the Plaintiff, for which this Defendant is not legally responsible.

VIII.

Pleading further, Defendant invokes Rule 193.7 of the Texas Rules of Civil Procedure and hereby gives notice of its intention to use any and all documents produced in discovery responses in this cause as evidence in any pre-trial and/or trial proceedings.

IX.

Defendant respectfully demands a trial by jury on all contested issues of fact.

WHEREFORE, PREMISES CONSIDERED, Defendant Burlington Coat Factory of Texas, Inc. pray that the Plaintiff take nothing by Plaintiff's suit against your said Defendant, that Defendant have contribution and/or indemnity from other persons or parties who may be liable herein, that Defendant be discharged with their costs and attorneys fees, and for such other and further relief, both general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC

By: *Chris C. Pappas* (signature)
Chris C. Pappas
State Bar No. 15454300
cpappas@krcl.com
Andrew J. Sarne
State Bar No. 00797380
asarne@krcl.com
Kathryn Laflin
State Bar No.
klaflin@krcl.com
5051 Westheimer Road, 10TH Floor
Houston, Texas 77056
Telephone:   713.425.7400
Facsimile:   713.425.7700

ATTORNEYS FOR DEFENDANT
BURLINGTON COAT FACTORY OF TEXAS, INC.

8124153 v1 (79242.00041.000)

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel pursuant to the Texas Rules of Civil Procedure on this the 15th day of December, 2020:

**Attorney for Plaintiff**
Mahtab Doty
Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, TX 75041
eservice@benabbott.co

                                        Chris C. Pappas

8124153 v1 (79242.00041.000)